# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JOHN E. SPAULDING, | ) | CASE NO. 4:21-cv-2129 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| NORTHEAST OHIO COMMUNITY | ) | |
| ALTERNATIVE PROGRAM, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff John E. Spaulding ("Spaulding") filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against defendant Northeast Ohio Community Alternative Program ("NEOCAP"). (Doc. No. 1.) With his complaint, Spaulding filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. For the reasons stated below, however, Spaulding's complaint is dismissed.

## I.    BACKGROUND

Spaulding avers he was transferred to confinement at NEOCAP in September 2021 by order of Portage County Court of Common Pleas Judge Lori J. Pittman. (Doc. No. 1 at 11.) Although his complaint is unclear, he contends his civil rights were violated by NEOCAP's "quarantine procedures," requiring him to quarantine upon his arrival because he had not received a COVID-19 booster vaccination, whereas another inmate who arrived at the same time and had received the booster was not required to quarantine. (*Id*. at 1, 8–9.)

In addition, he contends his rights were violated with respect to his legal mail and documents and requests for a notary. He complains that his documents needing to go to court were taken from him upon his arrival and were not returned to him until after he filed a grievance (*id.* at 1–2), that he did not receive adequate assistance with respect to his requests for a notary and the mailing of his legal documents, and that staff violated his rights by asking to review his documents and the documents he sought to have notarized. (*Id.* at 1–7.) An exhibit he has submitted with his complaint, however, indicates that after he filed a grievance related to his legal documents and request for notary, he was advised that "the best way" to address his complaints "without interference from staff" was to allow him to arrange for a notary to come to the program to notarize his paperwork. (Doc. No. 1–4.) He was advised that a private office would be available to him for this purpose. (*Id.*) Spaulding does not allege whether he followed up on this offer. Nevertheless, he seeks $150,000.00 in damages for "willful neglect, an[d] wa[n]ton malice" allegedly used against him by NEOCAP staff.  (Doc. No. 1 at 12.)

## II.    STANDARD OF REVIEW

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* actions brought in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.

Ct. 1955, 167 L. Ed. 2d 929 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies in determining whether a complaint is sufficient to state a claim under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Upon review, the Court finds that Spaulding's complaint must be dismissed pursuant to § 1915(e)(2)(B). Even liberally construed, the complaint does not state a plausible claim under § 1983, which provides a remedy for violations of federal rights secured by the U.S. Constitution or laws of the United States committed by a "person" acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

NEOCAP is the only defendant Spaulding names in his complaint, but state prisons and agencies such as NEOCAP are not "persons" subject to suit under § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (a state prison not a "person" subject to suit); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (a state agency is not a "person" under § 1983). Furthermore, states and their agencies are immune from suits in federal court for money damages under the Eleventh Amendment. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429, 117 S Ct. 900, 137 L. Ed. 2d 55 (1997) applying Eleventh Amendment immunity to state agencies and instrumentalities). State prisons are "considered arms-of-the-State for Eleventh Amendment immunity purposes." *Garcia v. Lorain Cnty. Ct. of Common Pleas*, No. 1:18-cv-00944, 2019 WL

1755649, at *4 (N.D. Ohio Apr. 19, 2019) (Report and Recommendation) (collecting cases).

In that the only defendant Spaulding sues is not amenable to, and is immune from, suit under § 1983, Spaulding's complaint on its face lacks legal plausibility and must be dismissed. Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), principles requiring generous construction of *pro se* pleadings do not require the Court to construct claims for plaintiff against defendants who may be amendable to suit. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Liberal construction does not require a court to conjure allegations on a litigant's behalf[.]").

Furthermore, Spaulding's complaint on its face does not suggest a plausible constitutional claim in any case. Prisoners are not considered a suspect class, and prison regulations that do not impinge on a fundamental right are constitutional if rationally related to a legitimate state interest. *Jackson v. Jamrog*, 411 F.3d 615, 618, 618–19 (6th Cir. 2005). "[G]overnment action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby, Mich.*, 470 F.3d 286, 298 (6th Cir. 2006) (quoting *Warren v. City of Athens*, 411 F.3d 697, 710 (6th Cir. 2005)). To prove an equal protection claim, a plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).

4

Spaulding cannot make this showing with respect to his allegation that he was subjected to a quarantine requirement not imposed on another inmate who received a COVID 19 booster vaccination, as there is clearly some rational basis for the difference in treatment in this regard – *i.e.*, a prisoner with a COVID 19 booster vaccination theoretically has more protection against contracting and spreading the COVID-19 virus than a prisoner who has not. Spaulding has not alleged a plausible constitutional claim arising from the quarantine restriction imposed on him.

Additionally, although prisoners have protections under the First Amendment with respect to their legal mail, Spaulding's pleadings on their face do not suggest a plausible First Amendment violation in connection with his allegations regarding his legal mail and documents and requests for a notary. First, the exhibit Spaulding has submitted with his pleading on its face indicates he was offered an opportunity to meet privately with a notary in connection with his outgoing legal documents without interference from staff. And although Spaulding complains about the timeliness of his access to his legal documents and a notary, he has not alleged a plausible claim under the First Amendment that any delay deprived him of his right under the First Amendment of access to the courts. As the Sixth Circuit has held, in order to state a claim for the denial of the right of access to the courts, a prisoner must show that he suffered "an actual injury to existing or contemplated litigation which raises nonfrivolous claims." *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003)). That is, a prisoner must allege "specific facts showing that he suffered prejudice" to a non-frivolous direct appeal, habeas corpus application, or civil rights action challenging the conditions of his confinement. *See McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003) (affirming dismissal of a prisoner's access to the courts claim where the prisoner failed "to allege the exact nature of his frustrated claims, whether he actually had pending cases which

were dismissed, or why he was unable to proceed on [the] alleged claims").

Here, Spaulding has not alleged facts suggesting he was prevented from filing a non-frivolous direct appeal, habeas corpus application, or civil rights action challenging the conditions of his confinement as is required to state a cognizable First Amendment access to the court claim. And he has failed to allege a cognizable constitutional claim arising from his alleged lack of access to his legal materials or notary during his confinement at NEOCAP.

**IV.     CONCLUSION**

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 25, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**